UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAMA MARIFAT,<br><br>Defendant. | No. 2:11-CR-0039 WBS<br><br>**ORDER** |

----oo0oo----

On March 7, 2011, defendant Yama Marifat entered a plea of guilty to one count of conspiracy to rig bids in violation of 15 U.S.C. § 1 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.  Presently before the court is Marifat's motion to withdraw his plea to both of those counts.  (Docket Nos. 67, 85.)[1]

---

[1] Defendant initially filed a motion to withdraw his plea on September 11, 2016 (Docket No. 67), and then a "supplemental motion" to withdraw his plea on March 2, 2017 (Docket No. 85), which was "not intended to replace, but merely to supplement" his prior motion.

1

Critical to the court's analysis of defendant's motion is the fact that he has yet to be sentenced. The motion is accordingly governed by Federal Rule of Criminal Procedure 11(d)(2)(B), which provides that, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The "fair and just" standard of Rule 11(d)(2)(B) is generous and must be applied liberally. United States v. Mayweather, 634 F.3d 498, 504 (9th Cir. 2010); United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008).

An inadequate Rule 11 plea colloquy constitutes a fair and just reason for withdrawal under Rule 11(d)(2)(B). See Mayweather, 634 F.3d at 510; United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). Where the court did not fully comply with the requirements of Rule 11(b)(1) in taking the plea, the burden is upon the government to show that the error was harmless, by establishing from the record either that defendant was aware of the rights which were not explained to him or that the court's noncompliance was simply minor or technical. United States v. Villalobos, 333 F.3d 1070, 1074 (9th Cir. 2003).

Here, it is undisputed that the judge who took Marifat's guilty plea did not advise him of his rights to testify and present evidence, and to compel the attendance of witnesses, as set forth in Rule 11(b)(1)(E). The government argues that because the judge advised defendant that he had the right to a jury trial on the charges that the right to present evidence and witnesses was implicit in the right to a jury trial. Further,

the government points out that in his plea agreement, Marifat expressly waived his constitutional right to subpoena witnesses to testify on his behalf.

Rule 11(b) imposes upon the court the obligation to advise the defendant of certain enumerated rights, including the rights to testify and present evidence and to compel the attendance of witnesses, regardless of whether the court believes, or even may know, the defendant already understands them. Where the court fails to advise defendant of such rights personally at the time of taking the plea, there is a fair and just reason for withdrawing the plea under Rule 11(d)(2)(B).

The burden then shifts to the government to show that the error was harmless. The court cannot conclude here that the failure to advise the defendant of his rights to testify, present evidence, and compel the attendance of witnesses was simply a minor or technical error. So the question becomes whether the government has established from the record that the defendant was aware of those rights at the time he entered his plea. See Villalobos, 333 F.3d at 1074.

Although defendant acknowledged in the plea agreement that he waived his right to subpoena witnesses, it was nevertheless incumbent upon the court to address the defendant personally in order to ascertain that the waiver was knowing and voluntary. Because the judge who took the plea failed to do so, defendant's acknowledgement in the plea agreement was an insufficient substitute for the court's advisement of the waiver of that right. See United States v. Arellano-Gallegos, 387 F.3d 794, 796-97 (9th Cir. 2004)(holding that waiver of right to

appeal in plea agreement was invalid where court did not mention waiver of appeal in its Rule 11 colloquy).

Even if the plea agreement were sufficient to establish that defendant knew of his right to subpoena witnesses and voluntarily waived that right, there is nothing in the agreement establishing that he knew of his right to testify and present evidence. Does this court believe that Marifat did not understand that the right to a jury trial included the right to present evidence and witnesses? Not for one minute. At the time of his plea, Marifat was a 38 year old naturalized American citizen with a Bachelor of Science degree from the University of Southern California, who had previously held real estate sales and broker licenses. It would be an insult to the court's intelligence to expect it to believe that when someone of Marifat's intelligence and background was told he had the right to a jury trial, he would not understand that to include the right to present evidence and call witnesses.

But that is not the test. The defendant's knowledge of those rights must appear <u>from the record</u>, not from the court's intuition. Here, it does not.

Accordingly, the court cannot find that the government has met its burden of showing that the failure to advise defendant during the Rule 11 plea colloquy of his rights to testify and present evidence and to compel the attendance of witnesses was harmless error.

IT IS THEREFORE ORDERED that defendant Yama Marifat's motion to withdraw his plea of guilty to Counts One and Two of the Information (Docket Nos. 67, 85.) in this action be, and the

4

same hereby is, GRANTED.[2]

Dated: April 24, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The court recognizes that this ruling may have untoward consequences in that it results in defendant's plea being withdrawn more than six years after it was entered. Rule 11(d)(2)(B) hardly contemplates such a lengthy delay between the plea and judgment. In the interim, the defendants in the related case (2:11-CR-511) who did not plead guilty went to trial. The evidence against Marifat will undoubtedly be substantially the same as that against the defendants who went to trial. That trial began on February 4, 2014, and lasted 23 court days. Had the government and the court known Marifat was going to withdraw his guilty plea, he could have been tried along with those defendants at the same time. He had three years to make his request before that trial. The result of his delay is to put the government and the court through two lengthy and complex cases instead of one. Not to mention that the government's evidence has likely gone stale since the first trial. Notwithstanding the imposition upon the government and the court, the ruling herein is required by the law. The government may want to take this result into account when considering whether to agree to such lengthy delays between plea and sentence in future cases.

5